UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY DAMATO              :
                         :           PRISONER
     v.                  :  Case No. 3:08cv1425(WWE)
                         :
MURPHY                   :

MEMORANDUM OF DECISION

Petitioner Gary Damato, an inmate confined at MacDougall Correctional Institution in Cheshire, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for inciting injury, attempted assault and attempted murder.

A district court may dismiss an action that is duplicative of another federal lawsuit as part of its general power to administer its docket. Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). When confronted with repetitive claims in cases filed in the same district, the court properly invokes the prior pending action doctrine and gives priority to the first-filed case. First City Nat'l Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions. Connecticut Fund for the Environment v. Contract Plating Co., 631 F. Supp. 1291, 1293 (D. Conn. 1986).

This petition, received by the Court on September 18, 2008,

is almost a duplicate of the amended petition Damato filed on September 3, 2008, in Damato v. Murphy, 3:08cv855(SRU). Both petitions challenge the same conviction on the same grounds. The main difference between them is that Damato attaches various exhibits to this petition. The Court can discern no reason why Damato should be permitted to pursue duplicate actions in this district. See Mitchell v. Gunja, 76 Fed. Appx. 865 (10th Cir. 2003) (affirming dismissal of second habeas petition filed pursuant to 28 U.S.C. § 2241 under prior pending action doctrine).

The petition for writ of habeas corpus [**doc. #1**] is **DISMISSED** pursuant to the prior pending action doctrine. If Damato wishes to have the Court review the exhibits attached to his petition, he may seek leave in the prior action to file a second amended petition or file the exhibits in reply to the response to the order to show cause.

The Court concludes that jurists of reason would not find it debatable that Damato has another petition pending in this district challenging the same conviction on the same grounds. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's

ruling).  The Clerk is directed to enter judgment and close this case.

   Dated at Bridgeport, Connecticut, this 6th day of October 2008.

                              _____/s/_____
                              Warren W. Eginton
                              Senior United States District Judge